Attorney Canman is here on behalf of the appellant. Attorney Elmore is here on behalf of the appellee. Mr. Canman before you get started I just wanted to mention to you when you get your notice from the clerk's office for oral arguments it asks you to be here a half hour ahead of time. We were ready to go at 1230 and Mr. Elmore was here so in the future I'm just going to try to remember. Oftentimes we're ready to start early. No apologies needed. May it please the court, counsel for the appellee. This case is a fairly simple case and I think the main issue in this case is whether Supreme Court Rule 282 and Code of Civil Procedure Section 2-606 are to be complied with or not. What that section and rule requires in small claims cases the rule in all cases the Code of Civil Procedure section is that if a complaint is based on a written instrument the instrument must be attached to the complaint or some affidavit explaining why it's not available. Facts I think are fairly simple in this case it's just a small claims complaint. It was filed on August 2nd, 2011. Summons was served on the defendant on August 18th, 2011. Five days later the defendant filed her motion to dismiss based on the failure of the plaintiff to attach the written instrument upon her. The problem is though the motion was never called for hearing. Isn't that right? Motion was never decided by the trial court. Was it noticed for hearing or called for hearing? There was, well this was a pro se litigant. The plaintiff was representing herself. The record, I did not represent her in the trial court until the very end on the motion to dismiss. However, it was in the court file, it was filed prior to the first appearance on August 26th. On that date the court rather than, even though the court had in the court file the motion to dismiss rather than setting that for hearing, the court set the case for trial on October 26th. Counsel, at any point did your client ask the court to set the motion for hearing or bring the motion to the attention of the court? The record, all I know is what's in the record. The record does not reflect that, but the record in her affidavit, which is attached to her motion to vacate, she did swear that when she spoke to the defendant's representative and defendant's lawyer in a hallway outside the courtroom that she did say that she was not, she did not want to have a trial that day, she just wanted to have her motion to dismiss heard. That was outside the presence? That was outside the presence of the courtroom, of the court, of the judge, yes. And so she filed the motion to dismiss, that's in the record. If you look at the actual complaint that's on page A3 of Appellant's brief, all the complaint says is it's brought by a collection agency, it simply says that the plaintiff, the collection agency, that the defendant is indebted to it for $3,947 and the only thing attached is the assignment by the bank, the Williamsville State Bank and Trust, to the collection agency. There's nothing, there's no contract or account, any documents, nothing indicating why the plaintiff is liable for anything. And there's no discovery in small claims cases without leaving the court. So I think that's why this rule is even more important in a small claims case because otherwise the defendant has no idea just based on the claim, what is the reason for the claim. Then at the time on the data trial, according to the defendant's affidavit, the plaintiff's representative approached the defendant in the hallway and asked her what she wanted to do. She says, the defendant's affidavit says that she wants to have her motion dismissed heard, she was told by the plaintiff's representative they're not going to dismiss the case and that there would be a trial that day. And they then went into the courtroom and something was said to the judge, the defendant didn't understand what was said, but the parties then went back out and there was no court reporter at this proceeding, the parties just went back out in the hallway and the defendant says that she told the plaintiff's representative and attorney that she wasn't ready for trial, that she just wanted to have her motion dismissed heard and she was told that by plaintiff's counsel, she says in her affidavit that what she did was a criminal offense, she committed a crime and basically they went back in the courtroom and she was told that her wages would be garnished if she didn't agree to a payment plan of $400 a month. They went back in the courtroom, plaintiff's attorney stated that the parties had agreed to a judgment of $3,947.75 to be paid at $400 a month. There's nothing in the record indicating that the court ever inquired, made any inquiry of the defendant, do you agree to this judgment, is this what you agreed to, all the record says is that cause called for hearing, plaintiff in court by attorney Elmore, defendant in court in person, judgment for plaintiff by agreement against defendant, the sum of the amount. And again, this is a pro se defendant. She then, after the judgment was entered, she filed her motion to vacate based on the fact that the motion to dismiss was never heard or decided and she claimed she was coerced into this so-called agreed judgment, the motion to vacate was denied. I think the main case in support of the defendant's argument is Velocity Investments v. Alston, where the defendant in that case also appeared pro se, it was a complaint based on a credit card debt, there's nothing attached to the complaint, the agreement, no instrument signed by the defendant was attached to the complaint, shown in terms of the credit card agreement. There, the court actually did rule on the motion to dismiss and denied it and the appellate court reversed, holding that the instrument had to be attached to the complaint. But that's clearly distinguishable, right, since it was actually heard and in this case it was not heard or brought to the attention of the court. That is a difference, Your Honor. However, in this case, I think the court, especially with a pro se litigant, should have been aware or the record indicates that the motion to dismiss was filed and the court, I think, the trial court should have an affirmative obligation, at least in cases where the litigant is pro se to at least peruse the court file, from the record you can see there's not much in this, wasn't much in this court file, certainly at the time of trial the only thing that was in there was probably the summons, the complaint and the motion to dismiss. So it should have barked out to the trial judge that there's a motion to dismiss here, has this been heard? I mean, I've been in court many times when a judge will say there's this motion here, has this been heard, even when there's attorneys in a case. Well, maybe the judge was going to bring it up but there was an agreement entered into before the judge even got to the point of saying we've got this motion pending here, do we need to have a hearing on this or are we going to proceed? But maybe they entered into their agreement prior to the court taking that into consideration. Well, that's... We don't know that. But the court, but the court, there's nothing, well we have the affidavit of the plaintiff where she says she didn't, she did not enter into this agreement and she was not, well there's nothing in the record indicating that the court questioned her as to whether she did in fact enter into this agreement or whether she agreed to waive her motion to dismiss and it seems to me all the defendant is asking for is her day in court, that every litigant is entitled to their day in court and she didn't have her day in court. And clearly on the record, you have a complaint here that is, if the motion to dismiss would have been heard, clearly it's apparent from the record that it should have been denied and if it hadn't been denied, this would be the same case as the Velocity Investment vs. Alston case. And I think the case cited by Plaintiff, Plaintiff Warner vs. Agency, Inc., that the, her, that pleading, that this is like pleading over is not relevant in that case. The defendant filed the motion to dismiss. First of all, both parties are represented by counsel in that case. The defendant filed the motion to dismiss. The motion was denied and the defendant answered the complaint. Here there was no ruling and there was no answer filed. And in Warner, in any event, the appellate court reversed the judgment against the defendant on other grounds. So I think that case is totally irrelevant to this one. The motion to vacate, most of the allegations stated in the defendant's affidavit were not are to be encouraged and favored when entered into fairly and good faith settlements that are forced or to which the parties not voluntarily re-deprive litigants of due process. And that's the State Department of Transportation vs. Polonsky cited in Appellant's brief. The plaintiff's attorney represented the court that the parties had settled the case, but there's nothing in the record showing that the court actually verified this with the pro se defendant. For those reasons, we'd ask that the court either reverse the trial court's judgment and remand the case for a hearing on the motion to dismiss or simply outright grant the motion to dismiss and remand the case for trial. Thank you. Thank you, Mr. Kamen. You'll have a chance on rebuttal later. Thank you. Mr. Elmore. Good afternoon, everyone. Pleased to report. Mr. Kamen. This is a collection account that my partner and I represent ProCom on. My partner does the vast majority of these collection cases. I occasionally step in and pinch hit for him when he can't be present. This was one of those days. We were in front of Judge Trumper. There were a number of cases set, including Ms. Henry's case. We went through the cases where there were resolutions. This case remained. Judge Trumper asked me to go out in the hallway with Ms. Henry and to try to resolve the case. I did that. I didn't really know what the issue was before we entered the hallway. We were all sitting on the benches right outside the courtroom. There were two representatives from the Williamsville State Bank and Trust and Jolie Hargrave from the Credit Bureau. ProCom was also there. We sat down, and I learned from the bank that Ms. Henry has written three checks or presented three checks to the bank within a week to ten days, totaling about $8,500. The bank, for whatever reason, gave $6,400 or $6,500 of those three checks back to her on those transactions. Then, boom, boom, boom. One after another, the checks bounced, account closed, account closed, accounts closed. They called Ms. Henry and said, Listen, you've got $6,500 of the money. We'd like to have the money back. She said, I'm not going to give you the money back. Then, Ms. Henry has two tax return checks that are deposited into this account. Because of the FDIC rules, a bank is not allowed to close an account that's out of balance, so the account remained open. The checks totaling about $2,500 from the IRS and from the Department of Revenue are deposited in her account. They set those off, leaving a balance of some $3,900 left. Ms. Henry says, That's all correct. I did this business with the check writing, but I want my tax refund checks returned to me. I said, Well, ma'am, you owe the bank $6,500, but you want us to return your $2,500 in tax return checks to you. She said, Yes, I do. I said, No, I don't think we can do that. Now, the reason why I don't do much of this collection work, honestly, is because I'm a softie and I'm not very good at it, to be quite honest. So I was trying to be as kind to her as I could be. I said, Ma'am, we're not going to give you these checks, this amount, back from a tax refund. She said, Well, I have this motion to dismiss. I said, Yes, I saw that. I said to the bank, Do you have the document upon which we're suing? So Rick Edmonds from the bank hands me the document. I show that to Ms. Henry. She sat there right next to me, two feet from me, and looked at the document. As long as it took her. I said, Are you satisfied that that's the document that allows the bank to keep the account open? Yes, I am. So she hands the document back to me. And so she was satisfied with her motion to dismiss. That's another reason why she didn't call it up. So I stood up and I said, Okay, we're going to have her bench trial. And she said, Well, I'll agree to the amount in the hallway, in front of three or four people. Okay, so we sit back down. How much can you pay on it? I don't want to garnish your wages. How much can you pay on it? I can give you $50 a month. I said, Okay, what do you do for a living? Well, I work for the state. And she told me how much she made. She made a decent salary. I said, Well, I'd like to get this paid off in ten months. So that's why we arrived at the $400 a month figure. And she agreed in the hallway, right there. Now, the one question I did ask her in the course of all this was, Have you been charged with a crime? And I asked her that because I'm thinking, doing a lot of criminal defense work, that these checks are boom, boom, boom. That could easily be deceptive practices charged in misdemeanor court or maybe felony court. And I'm thinking that I could go down to the state's attorney's office and find out if a case was put on her. And then if we couldn't collect it in small claims court to make sure our interest was protected in a criminal prosecution for restitution. That was the only question I asked her. Now, she's filled out an affidavit. And we've had a bench trial. You should also know this. She sued us in small claims court again, myself, PROCOM, and the representative from PROCOM for a Fair Debt Collection Act violation, which we just had a trial on a couple days ago. So all this stuff was vetted again in front of Judge Parent. It's under advisement with him. And she testified that, you know, I said all these things to her. I did all these things to her. None of that was true. That was the only question I asked her. She said no, and that was the end of it. So we get up. We walk back into the courtroom. Judge Trumper calls us up. She says, do we have an agreement? We said, yes, we do. What's the agreement? We put the agreement before the court. There was no court reporter. Judge Trumper enters the judgment and asks me, is there an agreement as to payment? There was $400 a month. That's what happened. It was that simple. And what Ms. Henry now tries to do, as I believe Judge Trumper indicated, was she's trying now to get out of a lawfully owed debt by filing these motions and filing these appeals here and suing people and doing these kinds of things. So that's what happened. I'm open for any questions of any of the justices. Thank you, Mr. Elmore. Mr. Kamen, any rebuttal? Thank you. Well, we all know the rules in the appellate court are the appeal is supposed to be based totally on what's in the record in the trial court. Everything that Mr. Elmore recited to you is not in the record in this case, just facts that it's basically him testifying to the appellate court, which we all know is very improper. But in the event that the court, just so the court is fully apprised of the facts, the court is going to consider what Mr. Elmore just testified to. This whole matter arose because the defendant was the victim of one of these scams where on the Internet where somebody says, send me X amount of dollars and I'll send you a check for whatever, I think it was $9,000 or something like that in this case, and you deposit that in your bank account and then send me a check for another amount. She deposited that check in the Williamsville State Bank, and there are even some federal rulings that banks are supposed to be aware of these scams and question the validity of these checks. In any event, they gave her credit for that check, and that's why these other checks were given credit for that they're now trying to get, or that this complaint is basically based on. I think, however, that none of these facts should be considered because they're not in the record, and the only thing we have from the record is that the complaint was filed and it was not a proper complaint because the instrument on which it was based is attached. I believe the proper outcome of this case on appeal is that it should be remanded to the trial court,  and all these facts that Mr. Elmore is alleging, they can be presented to the trial court and let the trial court sort it out. So for those reasons, we'd ask that this case be reversed and remanded to the trial court for either a hearing on the motion to dismiss or that the motion to dismiss be granted and the case be remanded to the trial court for trial. Thank you. Any questions? No. This case will be taken under advisement. Court is in recess until the start of the next case.